FILED
2022 Apr-28 AM 09:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RAMSEY SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | NO. 2:21-cv-01415-ACA |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Wells Fargo Bank, N.A., specially appearing, hereby files its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 4(m) seeking dismissal of Plaintiff's Complaint because Plaintiff failed to timely serve the Summons and Complaint within the applicable 90-day service deadline set forth in Rule 4(m), Fed. R. Civ. P. Dismissal is the appropriate action as explained below.

**I.     PROCEDURAL BACKGROUND AND STATEMENT OF FACTS**

Plaintiff's Complaint (Doc 1) alleges that Defendant discriminated against Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") and Section 1981 of the Civil Rights Act of 1871, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("Section 1981"). (Dkt. 1, Complaint, p. 1.) Plaintiff filed her Complaint on October 21, 2021.

Under Rule 4(m), Fed. R. Civ. P., Plaintiff's deadline to serve the Complaint and Summons was January 19, 2022. She did not timely serve. Rather, Plaintiff failed to serve the Complaint and Summons until April 11, 2022. On April 11, 2022, Defendant's authorized agent for service of process in Alabama (Corporation Service Company, Inc.) received for the first time a copy of the Summons in this case. The Summons and Complaint were sent via certified mail by this Court's Deputy Clerk. (Notice of Service of Process Transmittal attached as Exhibit A.) This service occurred 82 days **after** the service deadline expired and 172 days **after** the Complaint was filed.

The Civil Docket for this case, as explained below, contains no record or filing by Plaintiff which even attempts to explain why service was not effected within the 90-day deadline.

## II.   LAW AND ARGUMENT

"Service of process, under long standing tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Plaintiff's service here is untimely and the Complaint should be dismissed. Rule 4(m), Fed. R. Civ. P. requires a plaintiff to serve a complaint within 90 days after it is filed. If, however, the Plaintiff "shows good cause for the failure" the court must extend the time for service for an appropriate period. *Id*. Good cause exists only when "some outside factor…rather than inadvertence or negligence prevented service." *Lepone-

2

*Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1280-81 (11th Cir. 2007).

There is nothing whatsoever in the record to show good cause or excuse for Plaintiff's untimely service. In fact, the opposite is true. According to the Court Docket, Plaintiff filed the Complaint on November 21, 2021 but failed to pay the filing fee. (Doc 2.) The Court issued a Text Order on November 1, 2021 notifying Plaintiff that the filing fee or an *in forma pauperis* motion must be filed by November 5, 2021. (Doc 2.) Plaintiff paid the fee on November 5, 2021 but took no action to serve the Complaint and Summons (or to request that Defendant waive service) before the 90-day service deadline expired.

The service deadline expired on January 19, 2022, without a Summons being issued or any attempts at service made. This Court recognized Plaintiff's failure to effect service on January 25, 2022 when issuing the following Order to Show Cause.

> This matter is before the court on Plaintiff Ramsey Scott's failure to serve the summons and complaint on Defendant Wells Fargo Bank N.A.
>
> Federal Rule of Civil Procedure 4(m) states:
>
> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

3

> Mr. Scott filed his complaint on October 21, 2021. (Doc. 1). As of January 25, 2022, no summons have been issued in this case. Accordingly, the court **ORDERS** Mr. Scott to **SHOW CAUSE**, in writing, **on or before February 8, 2022,** why the court should not dismiss this action for failure to serve the Defendant.

(Doc 3.) (Emphasis in original.)

On February 8, 2022, Plaintiff filed a "Status Report." (Doc 4.) Nowhere in that Status Report does Plaintiff explain why the Court should not dismiss the action for failure to serve, offer any good cause for the failure, or proffer any excuse whatsoever why the Summons and Complaint were not timely served. *Id.* Nor did Plaintiff request a service date extension, or provide a date certain when she would serve the Summons. Rather, Plaintiff simply stated that she "issued a request to waive service of a summons on February 4, 2022, to Defendant Wells Fargo Bank, N.A. ("Exhibit A"). Defendant received the request on February 8, 2022 ("Exhibit B")." (Doc. 4.)(Exhibit quotations in original.)

Defendant was under no obligation whatsoever to waive service of the Summons based on a Rule 4(d) request for a waiver made more than two (2) weeks **after** the service deadline passed. "The procedure for requesting waiver of service obviously should not be used if the time for service of the summons under subdivision (m) will expire before the date on which the waiver must be returned." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1092.1 (4th ed. 2022). In fact, the Advisory Committee Notes to the 1993

4

amendment point out that "[t]he procedure of requesting waiver of service should also not be used if the time for service under subdivision (m) will expire before the date on which the waiver must be returned. . ." Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment. *See also Eades v. Clark Distribution Co.*, 70 F.3d 441, 443 (6th Cir. 1995) (discussing the device of waiver of service and indicating that "unless there is ample time, the plaintiff should proceed directly to the formal methods of service.").

In *Pallman Maschinenfabrik GmH & Co. v. Evergreen Composite Tech., L.L.C.*, Civil Action No. 5:08-CV-00033-HL, 2009 WL 112683 (M.D. Ga. 2009), the plaintiff mailed a request for waiver of service **before** the service deadline expired, but the waiver return date was after the deadline. Here, of course, Plaintiff did not even mail the waiver request until after the deadline expired. That court's analysis is applicable here.

> Defendant was not obligated to waive service, and in the absence of a waiver, it was Plaintiff's duty to effect formal service before the deadline. Moreover, Plaintiff did not mail the waiver to Defendant's registered agent, Charles Peterson, until May 1, 2008, almost three (3) months after it filed its Complaint. The waiver informed Peterson that he had sixty (60) days to return the waiver. The sixtieth day was June 30, 2008, approximately three weeks after the service deadline. Thus, the terms of the waiver request gave Defendant until after the service deadline to execute the waiver. As a matter of common sense, Plaintiff should have either required that Defendant execute the waiver prior to the expiration of the deadline, or instead effected formal service and not depended on a waiver at all. Of course, if Plaintiff wanted to afford Defendant sixty (60)

> days to return it, Plaintiff could have sent the waiver well before May 1, 2008. Either way, Plaintiff's untimely service was its own fault. Defendant's Motion to Dismiss based on untimely service of process is granted.

*Pallman*, No. 5:08-CV-00033-HL, at *7-8 (case attached as Exhibit B).

Even after Defendant did not return Plaintiff's belated waiver request, Plaintiff did not serve Defendant directly. Rather, Plaintiff filed a request (Doc 5) on March 21, 2022 asking the Court to mail the Summons to Defendant, which the Deputy Clerk did on April 8, 2022. (Doc 6.) Plaintiff never explained her failure to timely serve Defendant herself via certified mail or otherwise in October or November or December, 2021 or why she did not timely request an extension from the Court to serve Defendant.

Despite the Court's Show Cause Order, Plaintiff has offered no valid excuse or explanation whatsoever for her flagrant disregard of the applicable service deadline. No good cause or other circumstances or factors exist that warrant any *post facto* extension of the service deadline now, and Plaintiff's Complaint must be dismissed. *See Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1280-81 (11th Cir. 2007); *Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir. 1991); *Richardson v. Excel Global Logistics*, 2015 WL 13234512 at *3 (M.D. Ga. 2015) (Court dismissed complaint served 70 days late, notwithstanding Title VII and Section 1981 statutes of limitations implications).

## III. CONCLUSION

Because Plaintiff failed to serve Defendant within the 90-day service deadline without good cause or other mitigating factors, Defendant moves the Court to dismiss Plaintiff's Complaint without prejudice in accordance with Rules 4(m) and 12(b)(5), Fed. R. Civ. P.

*/s/David R. Kresser*
David R. Kresser
*(pro hac vice to be filed)*
Georgia Bar No. 429615
FISHER & PHILLIPS LL
1075 Peachtree Street NE
Suite 3500
Atlanta, GA 30309
Tel: 404-231-1400
Fax: 404-240-4249
dkresser@fisherphillips.com

*/s/Marion F. Walker*
Marion F. Walker
ASB-0734-L73M
FISHER & PHILLIPS LLP
2100A Southbridge Parkway
Suite 650
Birmingham, Alabama 35209
Tel:  205-327-8354
Fax:  205-718-7607
mfwalker@fisherphillips.com

Counsel for Defendant Wells Fargo Bank, N.A.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on April 28, 2022, electronically filed the foregoing Defendant's Motion to Dismiss with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following counsel of record:

>Ashley R. Rhea
>Rhea Law LLC
>104 23rd Street South
>Suite 100
>Birmingham, AL  35233
>arhea@rhealawllc.com

>>*/s/ Marion F. Walker*
>>Of Counsel