FILED
2022 Apr-28 AM 09:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 24756923**
**Date Processed: 04/12/2022**

| | |
|---|---|
| **Primary Contact:** | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Entity:** | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank, N.A. |
| **Title of Action:** | Ramsey Scott vs. Wells Fargo Bank, N.A. |
| **Matter Name/ID:** | Ramsey Scott vs. Wells Fargo Bank, N.A. (11987800) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | U.S. District Court, Northern District, AL |
| **Case/Reference No:** | 2:21-cv-01415-ACA |
| **Jurisdiction Served:** | Alabama |
| **Date Served on CSC:** | 04/11/2022 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Rhea Law LLC<br>205-675-0476 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION Employee]<br>Routing Rules (CSC): R1623<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | | | |
|---|---|---|---|
| **Ramsey Scott** | ) | **Summons** | |
| | ) | (Issued pursuant to Rule 4 of | |
| | ) | the Federal Rules of Civil | |
| Plaintiff, | ) | Procedure or other appropriate | |
| | ) | law.) | |
| v. | ) | | |
| | ) | CIVIL ACTION CASE NUMBER: | |
| **Wells Fargo Bank, N.A.** | ) | **2:21-cv-01415-ACA** | |
| | ) | | |
| Defendant. | ) | | |

**Summons in a Civil Action**

To: *(Defendant's name and address)*

Wells Fargo Bank, N.A.
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

NOTE: A separate summons must be
prepared for each defendant.

A lawsuit has been filed against you.

Within ____21____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

Ashley R. Rhea
Rhea Law LLC
104 23rd Street South
Suite 100
Birmingham, AL 35233

**If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.** You also must file your answer or motion with the court.

DATE: 4/28/22

SEE REVERSE SIDE FOR RETURN

SHARON N. HARRIS, CLERK

By: _____
Deputy Clerk

(SEAL OF COURT)

NORTHERN DISTRICT OF ALABAMA
1729 5th Avenue North
Birmingham, Alabama 35203

**RETURN ON SERVICE OF WRIT**

I hereby certify and return that on the _____ day of _____, _____, I served this summons together with the complaint as follows:

☐   By personal service on the defendant at _____

_____

☐   By serving a person of suitable age and discretion then residing in the defendant's

usual place of abode. (Give name and address of person served.)

_____

_____

☐   By serving an officer, a managing or general agent, or any other agent authorized

by appointment or by law to receive service of process of the defendant

corporation, partnership, or unincorporated association. (Give name, capacity and

address of person served.)

_____

_____

*I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

_____        _____
*Date*                                               *Authorized or Specially Appointed Process Server*

Costs of Service: Service fee:                                                     $
                  Expenses: _____ miles @ _____ cents      $_____
                                                                 TOTAL $

Case 2:21-cv-01415-ACA   Document 8-1   Filed 04/28/22   Page 5 of 14
Case 2:21-cv-01415-ACA   Document 1   Filed 10/21/21   Page 1 of 9

FILED
2021 Oct-21 PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAMSEY SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| WELLS FARGO BANK, N.A., ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Ramsey Scott ("Ms. Scott") brings this action against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") to secure protection for and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981, seeking injunctive and other relief against race discrimination in employment.

## PARTIES AND JURISDICTION

1. Plaintiff Ramsey Scott ("Ms. Scott" or "Plaintiff") is a female citizen of the United States and a resident of Jefferson County, Alabama. At all times relevant to this action, Plaintiff was an employee of Defendant Wells Fargo Bank, N.A. within the meaning of Title VII and Section 1981.

2. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is an Alabama limited liability company doing business within the state of Alabama with offices located in this judicial district. Defendant employs at least fifteen (15) employees

1

and at all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of Title VII and Section 1981.

## ADMINISTRATIVE PROCEDURES

3. On April 16, 2021, within 180 days of the last act of discrimination, Ms. Scott, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

4. Plaintiff's Dismissal and Notice of Rights was sent by the EEOC to the Plaintiff on July 22, 2021, and Plaintiff filed suit within ninety (90) days of receipt of her Dismissal and Notice of Rights.

5. Plaintiff meets all administrative prerequisites for filing suit on her Title VII claim and timely brings this action. Plaintiff has no administrative prerequisites for any claim under 42 U.S.C. § 1981 and is entitled to bring this action.

## STATEMENT OF FACTS

6. Plaintiff hereby adopts and realleges paragraphs 1 through 10 as if fully set forth herein.

7. Plaintiff Ramsey Scott is an African American female.

8. Plaintiff began working for Defendant on or about October 4, 2018, as a Teller at Wells Fargo's location in Homewood, Alabama.

2

9. As a Teller, Ms. Scott routinely assisted Spanish-speaking customers because of her fluency in Spanish. Plaintiff never received negative performance feedback regarding her Spanish fluency as a Teller.

10. On or about August 20, 2020, Plaintiff started working for Defendant as a Customer Success Specialist ("CSR") assigned to the Bilingual Spanish team.

11. Ms. Scott successfully passed a Spanish proficiency examination, given to her by Wells Fargo, before she started working as a Spanish-speaking CSR.

12. On or about September 21, 2020, Ms. Scott joined a team with three other employees who were new to the same job position of a Spanish-speaking CSR.

13. The other three Spanish-speaking CSR employees were of Hispanic origin. Ms. Scott was the only African-American on the team.

14. At the beginning of training, Wells Fargo segregated Ms. Scott from her Hispanic coworkers. Wells Fargo assigned Ms. Scott to a Caucasian trainer Leslie Valencia. Wells Fargo assigned the three Hispanic CSR employees to Hispanic trainers.

15. Contrary to Wells Fargo's training policies, Ms. Valencia mainly corresponded with Ms. Scott in English rather than Spanish. Additionally, Ms. Scott did not have a coach who worked with her one-on-one to practice Spanish speaking specific to the position.

3

16. In contrast, the Hispanic employees were given materials and correspondence primarily in Spanish. Additionally, the Hispanic employees were individually assigned coaches to practice their Spanish speaking skills.

17. On October 23, 2020, Ms. Scott requested from Leslie Valencia that she be assigned a coach like her Hispanic coworkers. Wells Fargo never assigned a coach to Ms. Scott.

18. On November 2, 2020, Ms. Scott met with Well Fargo's CSR Manager Carmen Bender where she expressed concerns about the differential treatment between herself and the Hispanic CSR employees.

19. In response to her concerns, Wells Fargo transferred Ms. Scott to the English-speaking CSR team.

20. Defendant's articulated reason for terminating Plaintiff is false and/or pretext for racial discrimination. In the alternative, even if Defendant had legitimate reasons for terminating Plaintiff, Plaintiff's race remained at least a motivating factor in the termination decision.

## COUNT ONE
## RACIAL DISCRIMINATION – TITLE VII

21. Defendant discriminated against Plaintiff on the basis of race in the terms and conditions of her employment in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e *et seq.*, by not allowing her the same flexibility, rights, and application of policies as Caucasian employees.

4

22. Plaintiff avers based on the facts set forth herein, that Defendant terminated her for allegedly getting behind on her work but did not discipline or otherwise treat Caucasian employees the same.

23. Defendant terminated Plaintiff because of her race and otherwise subjected her to racial discrimination.

24. Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her employment, Plaintiff's race was at least a motivating factor in her termination.

25. As a consequence of Defendant's unlawful conduct, Plaintiff suffered damages, including but not limited to lost wages and benefits, embarrassment, humiliation, shame, damage to reputation, mental distress, and emotional pain and anguish.

26. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

27. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful practices set forth herein unless enjoined by this Court.

**RELIEF**

WHEREFORE, Plaintiff requests that this Court assume jurisdiction of this cause of action and award the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices, and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by Title VII;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII;

c. Grant Plaintiff an Order requiring Defendant to make her whole by granting appropriate declaratory relief, back pay, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d. Grant Plaintiff such other, further, different, or additional relief and benefits as justice may require.

## COUNT TWO
## RACIAL DISCRIMINATION - § 1981

28. Plaintiff hereby adopts and realleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

29. Defendant discriminated against Plaintiff on the basis of race in the terms and conditions of her employment in violation of 42 U.S.C. § 1981, by not allowing her the same flexibility in schedule and application of policies as

6

Caucasian employees.

30. Plaintiff avers based on the facts set forth herein, that Defendant terminated her for allegedly getting behind on her work but did not discipline or otherwise treat Caucasian employees the same.

31. Defendant terminated Plaintiff because of her race and otherwise subjected her to racial discrimination.

32. Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her employment, Plaintiff's race was at least a motivating factor in her termination.

33. As a consequence of Defendant's unlawful conduct, Plaintiff suffered damages, including but not limited to lost wages and benefits, embarrassment, humiliation, shame, damage to reputation, mental distress, and emotional pain and anguish.

34. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

35. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful practices set forth herein unless enjoined by this Court.

## RELIEF

WHEREFORE, Plaintiff requests that this Court assume jurisdiction of this cause of action and award the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices, and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by § 1981;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's requests from violating § 1981;

c. Grant Plaintiff an Order requiring Defendant to make her whole by granting appropriate declaratory relief, back pay, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d. Grant Plaintiff such other, further, different, or additional relief and benefits as justice may require.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

/s/ *Ashley R. Rhea*
Ashley R. Rhea
Bar Number: asb-8736-H81O
Attorney for Plaintiff

**OF COUNSEL:**
RHEA LAW LLC
104 23rd Street South
Suite 100
Birmingham, AL 35233
Telephone: (205) 675-0476
Email: arhea@rhealawllc.com


**DEFENDANT'S ADDRESS:**
Wells Fargo Bank, N.A.
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

UNITED STATES DISTRICT COURT
NORTHERN ALABAMA
1729 5TH AVENUE NORTH
BIRMINGHAM, AL 35203

7019 0160 0001 0236 5753

Birmingham, AL
SAT 09 APR 2022



Wells Fargo Bank, N.A.
c/o Corp. Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104