FILED
 2022 Apr-28  AM 09:32
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **PALLMAN MASCHINENFABRIK** | : | |
| **GmbH & Co.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | **Civil Action No.** |
| v. | : | **5:08-CV-33(HL)** |
| | : | |
| **EVERGREEN COMPOSITE** | : | |
| **TECHNOLOGY, L.L.C.,** | : | |
| | : | |
| Defendant. | : | |

# ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 8). For the following reasons, Defendant's Motion is granted, and Plaintiff's Complaint is dismissed without prejudice.

**I.    BACKROUND**

Plaintiff Pallman Maschinenfabrik GmbH & Co., a Germany company, is the owner of a large piece of commercial manufacturing equipment called a Pallmann Palltruder. On April 6, 2004, Plaintiff entered into an agreement with Integrated Composite Technologies, Inc. ("ICT") to lease the Palltruder to ICT. Under the terms of the agreement, ICT was to pay Plaintiff a monthly rental fee for use of the Palltruder for eleven (11) months. The agreement provided that at the conclusion of the eleven (11) months, ICT was required to either return the Palltruder or

1

purchase it. The agreement further provided that during the rental period, the Palltruder would remain the property of Plaintiff.

According to Plaintiff, ICT did not pay Plaintiff the entire balance of rental payments owed to it under the terms of the agreement. On August 23, 2006, ICT ceased operations and under Georgia law commenced an assignment for the benefit of creditors. Pursuant to a deed of general assignment for the benefit of creditors, ICT conveyed the Palltruder to GlassRatner Management & Realty Advisors, L.L.C. Plaintiff informed GlassRatner that Plaintiff owned the machine, and that ICT did not have the authority to convey title. GlassRatner then purportedly conveyed title to the Palltruder to Defendant Evergreen Composite Technology, L.L.C.

On February 8, 2008, Plaintiff filed suit against Defendant in this Court, asserting claims for conversion, fraud, attorney's fees, and punitive damages. As ordered by the Court (Doc. 4), Plaintiff filed an Amended Complaint on February 29, 2008 to remedy the deficient allegations of jurisdiction.

As of June 16, 2008, Plaintiff had not effected service on Defendant. Thus, on that day, the Court issued an Order (Doc. 6) directing Plaintiff to show cause no later than June 28, 2008 why this its case should not be dismissed for failure to perfect service. On June 27, 2008, Plaintiff filed a Notice of Filing Return Service Doc. 7), notifying the Court that on June 25, 2008, process was served on Dawn Grantham at Defendant's principal place of business in Montezuma, Georgia.

On July 11, 2008, Defendant moved to dismiss Plaintiff's Complaint for four

2

reasons: (1) failure to state a claim; (2) insufficient service of process; (3) untimely service of process; and (4) lack of personal jurisdiction. The Court subsequently entered an Order staying discovery pending resolution of the Motion to Dismiss.

## II. DISCUSSION

Because this Court finds that Plaintiff's untimely service warrants dismissal of Plaintiff's Complaint, there is no need for the Court to address Defendant's contention that the Complaint fails to state a claim. Nevertheless, before addressing Defendant's timely service argument, the Court must first address Defendant's contention that process was never perfected.

### A. Failure to Effect Service

Defendant contends that Plaintiff's Complaint should be dismissed for insufficient service of process because Plaintiff did not comply with Georgia law governing service of process on limited liability companies. Federal Rule of Civil Procedure 4(h) governs service of process on corporations, partnerships, and unincorporated associations. Rule 4(h)(1)(A) provides that service on such entities may be perfected pursuant to state law "where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A). Under Georgia law, a limited liability company's registered agent is the company's agent for service of process. O.C.G.A. § 14-11-1108(a). Because Dawn Grantham is not Defendant's registered agent, Defendant contends that Plaintiff's Complaint should be dismissed for insufficient service.

3

While Plaintiff may not have properly served Defendant under state law, complying with the forum state's law governing service is not the only way in which a plaintiff can perfect service on a limited liability company. Rule 4(h)(1)(B) provides that service can also be perfected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Defendant has not argued that service was improper under Rule 4(h)(1)(B); it has argued only that service was improper under state law. Because complying with state law is not the only way in which a plaintiff can serve a limited liability company, Defendant's Motion to Dismiss for insufficient service of process is denied.[1]

### B. Untimely Services of Process

Defendant argues that Plaintiff's Complaint should be dismissed for untimely service. Federal Rule of Civil Procedure 4(m) provides that a plaintiff has 120 days to properly serve the defendant. Fed. R. Civ. P. 4(m). If service has not been effected within 120 days:

> the court–on motion or on its own after notice to the plaintiff–must
>
> dismiss the action without prejudice against that defendant or order that

---

[1] Defendant also seems to argue that service was improper because Grantham's name does not appear on the summons. Defendant has not cited the Court to any legal authority to support its contention that the summons must contain the name of the person who is ultimately served with process. Rule 4(a) sets out the required contents of a summons, and the name of the person served is absent from the list of required contents.

4

service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In this case, Plaintiff filed its Complaint on February 8, 2008. Pursuant to Rule 4(m), Plaintiff had until June 9, 2008, to serve Defendant. Plaintiff did not serve Defendant until June 25, 2008. In response, Plaintiff contends that its service was timely because this Court's June 16, 2008, Order to show cause extended Plaintiff's time to perfect service until June 28, 2008.

The Court disagrees with Plaintiff's assertion that the Court previously extended the service deadline. In its June 16th Order, this Court ordered Plaintiff to show cause no later than June 28, 2008 why its case should not be dismissed for failure to perfect service. Nowhere in that Order did the Court state that it was extending the service deadline. The purpose of that Order was two-fold: first, to provide Plaintiff notice, as required, prior to dismissing Plaintiff's Complaint sua sponte for untimely service, see Fed. R. Civ. P. 4(m); and second, to provide Plaintiff an opportunity to explain its failure to timely effect service, so that the Court could determine whether an extension of the service deadline was warranted. See Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1282 (11th Cir. 2007) ("Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be

5

effected within a specified time."). Because the Court did not extend the service deadline in its June 16th Order, Plaintiff's service was untimely.

Nevertheless, this Court is required to excuse Plaintiff's failure to timely perfect service if Plaintiff has demonstrated good cause for its failure. See Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey, 476 F.3d at 1281 (internal quotations omitted). Even if Plaintiff has not demonstrated good cause, this Court has discretion to extend the time for service if "any other circumstances warrant an extension of time based on the facts of the case." Id. at 1282.

Plaintiff argues that it failed to timely serve Defendant because it relied on Defendant to waive service before the service deadline. This asserted justification does not constitute good cause. A defendant is not required to waive service, and if the defendant fails to respond to a waiver request, the plaintiff must effect formal service on the defendant. Id. at 1281. Because Plaintiff has not demonstrated good cause, the Court is not required to extend the service deadline. Nevertheless, the Court must determine whether any other circumstances justify an extension.

The Eleventh Circuit has held that the Advisory Committee Note to Rule 4(m) provides guidance as to what factors may justify a discretionary extension of the service deadline. Id. at 1282. "Although not an exhaustive list, the Committee explained that '[r]elief may be justified, for example, if the applicable statute of

6

limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" Id. (quoting Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments) (alteration in original).

In this case, Plaintiff has not demonstrated that the statute of limitations would bar a refiled action, or that Defendant evaded service or concealed a defect in attempted service. Instead, Plaintiff's sole argument in support of extending the time for service is that Defendant failed to return the waiver request before the deadline. This Court previously concluded that this justification does not constitute good cause, and the Court finds that it does not constitute any other circumstance that would warrant a discretionary extension of the service deadline. Defendant was not obligated to waive service, and in the absence of a waiver, it was Plaintiff's duty to effect formal service before the deadline. Moreover, Plaintiff did not mail the waiver to Defendant's registered agent, Charles Peterson, until May 1, 2008, almost three (3) months after it filed its Complaint. The waiver informed Peterson that he had sixty (60) days[2] to return the waiver. The sixtieth day was June 30, 2008, approximately three weeks after the service deadline. Thus, the terms of the waiver request gave Defendant until after the service deadline to execute the waiver. As a matter of common sense, Plaintiff should have either required that Defendant

---

[2] In the case of a defendant residing in the United States, the waiver request must, among other things, give the defendant a reasonable time of at least thirty (30) days after the request was sent to return the waiver. Fed. R. Civ. P. 4(d)(1)(F).

7

execute the waiver prior to the expiration of the deadline, or instead effected formal service and not depended on a waiver at all. Of course, if Plaintiff wanted to afford Defendant sixty (60) days to return it, Plaintiff could have sent the waiver well before May 1, 2008. Either way, Plaintiff's untimely service was its own fault. Defendant's Motion to Dismiss based on untimely service of process is granted.

### C. Lack of Personal Jurisdiction

Because Plaintiff did not timely effect service and the Court declines to extend the service deadline, Plaintiff's Complaint is also dismissed for lack of personal jurisdiction. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) (holding that valid service is a prerequisite to personal jurisdiction).

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted. Plaintiff's Complaint is dismissed without prejudice.

**SO ORDERED**, this the 16th day of January, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON**, Judge

dhc

8