UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RAMSEY SCOTT,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No: 2:21-cv-01415-ACA |
| } | |
| **WELLS FARGO BANK NA,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss Plaintiff Ramsey Scott's complaint pursuant to Federal Rules of Civil Procedure 4(m).[1] (Doc. 8). Because Ms. Scott failed to timely serve Wells Fargo with the summons and complaint, the court **GRANTS** Wells Fargo's motion to dismiss.

### I.   BACKGROUND AND PROCEDURAL HISTORY

Ms. Scott filed her complaint on October 21, 2021 alleging that Wells Fargo discriminated against her on the basis of her race in violation of Title VII and 42 U.S.C. § 1981. (Doc. 1). On January 25, 2022, the court ordered Ms. Scott to show

---

[1] Wells Fargo also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). (Doc. 8 at 1). However, the substance of Wells Fargo's motion makes no specific challenge to the sufficiency of service. (*See generally* doc. 8; *see also* doc. 7).

cause as to why the court should not dismiss this action pursuant to Rule 4(m) for her failure to serve Wells Fargo. (Doc. 3). On February 8, 2022, Ms. Scott filed a status report stating that she requested that Wells Fargo waive service on February 4, 2022. (Doc. 4).

On March 21, 2022, Ms. Scott requested the Clerk to serve Wells Fargo via certified mail (doc. 5), and Wells Fargo was served on April 11, 2022 (doc. 7). Thereafter, Wells Fargo filed the present motion to dismiss. (Doc. 8). Though the court ordered Ms. Scott to respond to the motion (doc. 9), she failed to do so.

## II.   DISCUSSION

Defendants move to dismiss Ms. Scott's complaint for failure to serve the summons and complaint within the ninety-day deadline provided in Federal Rule of Civil Procedure 4(m).

Rule 4(m) states:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Although Ms. Scott filed her complaint on October 21, 2021 (doc. 1), she did not effectuate service on Wells Fargo until April 11, 2022—a full 172 days after she filed her complaint and eighty-two days after the deadline for service had expired

(doc. 7). Ms. Scott has not provided the court with a reason—much less good cause—for the significant delay. *See Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.") (quotations omitted). Her response to the court's order to show cause states only that she sent Wells Fargo a request to waive service after the deadline for service had already expired. (Doc. 4). And although the court ordered Ms. Scott to respond to Wells Fargo's allegations of insufficient process made in its motion to dismiss (doc. 9), she failed to do so.

Nevertheless, the court has discretion to extend the time for service of process even in the absence of good cause, and the court is required to "consider whether any other circumstances warrant an extension of time based on the facts of the case" prior to dismissing the case without prejudice. *Lepone-Dempsey*, 476 F.3d at 1281–82. The Advisory Note to Rule 4(m) provides some examples of factors that may justify the grant of an extension in the absence of good cause. *See id*. at 1282. For example, an extension may be justified "if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments.

The court acknowledges that the statute of limitations may bar Ms. Scott from refiling her Title VII claim. *See Bell v. Eagle Motor Lines*, 693 F.2d 1086, 1086

(11th Cir. 1982) ("Title VII of the Civil Rights Act of 1964 requires that suit be brought within 90 days after receipt of notice of right to sue."). However, this fact alone does not require the court to extend time for service of process. *See Lepone-Dempsey*, 476 F.3d at 1282 ("Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor.").

Ms. Scott has been on notice since at least January 25, 2022 that she has not served Wells Fargo within Rule 4(m)'s ninety-day period. (*See* doc. 3). And although Ms. Scott did ultimately serve Wells Fargo several months after the deadline for doing so passed (doc. 7), she has not attempted to provide the court with any reason for her significant delay. Moreover, Ms. Scott did not respond to Wells Fargo's motion to dismiss with any arguments as to why the motion should not be granted, despite this court's order to do so. (Doc. 9).

The court also notes that Ms. Scott asserts a § 1981 claim alleging racial discrimination arising from the same underlying facts as her Title VII claim. (Doc. 1 at 6–7). This claim would not be barred by the statute of limitations should Ms. Scott choose to refile it, and therefore dismissal without prejudice does not leave Ms. Scott without any legal recourse for the alleged discrimination she has suffered. *See Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336 (11th Cir. 2008) (explaining

that a four-year statute of limitations applies to § 1981 claims that allege termination based on racial discrimination).  Based on the above, the court finds that the facts of this case do not justify a retroactive extension of time to effectuate service.

I.     **CONCLUSION**

The court **GRANTS** Wells Fargo's motion to dismiss for insufficient service and **DISMISSES** all claims **WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this May 24, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

5